IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAUL E. MULLEN                                                                                    PLAINTIFF

v.                                                             Civil Action No. 1:11cv351-HSO-MTP

NATIONWIDE MUTUAL INSURANCE CO.                                       DEFENDANT

**ORDER**

This matter is before the court on the Motion to Strike [7] filed by Defendant Nationwide Mutual Insurance Company.  Having considered the submissions of the parties and the applicable law, the court finds that the Motion should be denied.

In its Motion [7], Nationwide moves the court for the entry of an order striking a portion of paragraph XV of the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f) as immaterial, impertinent or for the inclusion therein of scandalous matter and relieving Nationwide of any obligation to plead to the allegations in paragraph XV.   Specifically, Nationwide requests the court to strike the following allegations from Paragraph XV of the Complaint [1]:

> Nationwide spent several years following the onslaught of Hurricane *Katrina* vigorously defending *Katrina* claims and civil actions on the basis of policy defenses and exclusions and yet had the audacity to exact outrageous premiums from Mullen for a shell house that was uninhabitable and void of personal property and did issue a full coverage policy well-knowing that it would never pay a claim under the policy.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  An order striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice."  *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, *Fla.,* 306 F.2d 862, 868 (5th Cir. 1962).  A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Augustus,* 306 F.2d at 868.  Moreover,

"A disputed question of fact cannot be decided on motion to strike." *Id.*

Nationwide has failed to establish that the allegations at issue have no relation to the controversy.  Moreover, although Nationwide may strenuously disagree with the allegations, the court does not find the allegations to be  redundant, immaterial, impertinent, or scandalous.

Nationwide's concerns regarding the burden and expense of responding to discovery relating to paragraph XV do not warrant striking the allegations.  Control of discovery in this matter rests with the sound discretion of the court.  In the event discovery issues arise, the court will address them upon appropriate motion.  Accordingly,

IT IS, THEREFORE, ORDERED:

The Motion to Strike [7] is DENIED.

SO ORDERED AND ADJUDGED this the 8th day of December, 2011.

                                                      s/ Michael T. Parker
                                                     United States Magistrate Judge